(February 12, 1892.)

## SPARKS ET AL. v. LOWER PAYETTE DITCH CO.

### [29 Pac. 134.]

CORPORATION—ASSESSMENT OF CAPITAL STOCK—LIABILITY OF STOCK-HOLDER.—1. Under an act entitled ''An act concerning corporations'' (Revised Laws of Idaho, 1874-75, page 618), the stockholders are individually and personally liable for their proportion of all indebtedness incurred in conducting the business of the corporation, and a joint or several action may be instituted for the collection of the same.

DIRECTORS MAY ASSESS CAPITAL STOCK.—2. Title 4 of the Civil Code of Idaho of 1887 supersedes the act above referred to and a corporation organized under the act of 1875, whose existence is continued under the provisions of said title 4, may by its board of directors proceed to collect, by assessment, on the capital stock of the corporation the legally incurred debts and liabilities thereof, as prescribed by said title.

LIABILITY OF SHAREHOLDERS.—3. The liability of the shareholders is in no wise increased by the provisions of title 4 of the Civil Code of Idaho, 1887. Action to restrain sale of stock to satisfy assessment made by board of directors. Court below refuses injunction and enters judgment for defendant; sustained.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. Brumback, for Appellants.

Injunction is the proper remedy of the stockholders against an illegal assessment. (2 High on Injunctions, sec. 1219; Cook on Stock and Stockholders, sec. 502; *Mitchell v. Mining Co.,* 67 N. Y. 280; *Clearwater v. Meredith,* 1 Wall. 41; *Nugent v. Supervisors,* 19 Wall. 249.) Unless the corporate charter or a constitutional statute provide otherwise, a stockholder, the full par vaule of whose stock has been paid in, is not liable, and cannot be made to pay any sums in addition thereto. (Cook on Stock and Stockholders, secs. 241, 242; *Railroad Co. v. Copp,* 38 N. H. 124; *Morley v. Thayer,* 3 Fed. 737; *Chase v. Lord,* 77 N. Y. 1; *Gray v. Coffin,* 9 Cush. 192; *French v. Tesche-maker,* 24 Cal. 518; *Inhabitants of Norton v. Hodges,* 100 Mass. 241; *Liverpool Ins. Co. v. Massachusetts,* 10 Wall. 566; *Green v. Beckman,* 59 Cal. 545; *Terry v. Little,* 101 U. S. 216.)

A statute passed subsequent to the granting of a charter, and increasing the liability of a stockholder on his stock for the debts already incurred, is unconstitutional and void, unless the legislature has reserved the right to alter or amend the charter. (Cook on Stock and Stockholders, sec. 497.) Material amendments to the charter offered to the stockholders can be accepted only by a unanimous vote. (Cook on Stock and Stockholders, sec. 500.) A material and fundamental change in the charter by an amendment to the charter is an unconstitutional violation of the contract rights of any stockholder who does not assent to such amendment. (Cook on Stock and Stockholders, sec. 500.)

George H. Stewart and W. E. Borah, for Respondent.

Corporations are subject to legislative control. (Morawetz on Private Corporations, sec. 1061.) And are not exempt from future legislation. (Morawetz on Private Corporations, secs. 1062, 1064, 1065, 1075a; Cooley's Constitutional Limitations, sec. 88; Desty's Federal Constitution, 161.) All laws relating to property rights, contracts, or procedure apply to corporations unless the contrary appear. (Morawetz on Private Corporations, secs. 1081-1083, 1091; *Thorpe v. Railroad Co.*, 27 Vt. 140, 62 Am. Dec. 625.) The necessity for a call cannot be questioned by the stockholders of a corporation, but is for the directors to determine. (*Budd v. Railroad Co.*, 15 Or. 404, 15 Pac. 654; Wood's Field on Corporations, sec. 133, 19 Cent. L. J. 305; *Germantown P. R. R. Co. v. Fitler*, 60 Pa. St. 124, 100 Am. Dec. 546.)

SULLIVAN, C. J.—This action was brought by the appellants, as plaintiffs, against the respondent, as defendant, to obtain an injunction to restrain the officers of the respondent from offering for sale, or selling, shares of the capital stock of said corporation belonging to the appellants. The court below refused to grant the injunction, and entered judgment for the respondent, from which judgment this appeal was taken. It appears from the record that the respondent is a corporation organized for the purpose of constructing and maintaining an irrigating ditch on the Lower Payette river, in Ada county, Idaho, under and by virtue of an act of the legislature of Idaho enti-

tled "An act concerning corporations," approved January 12, 1875 (Idaho Rev. Laws 1874-75, p. 618). That the number of shares provided for by the articles of incorporation were eighty, of the par value of $100 each. That in the year 1884 the capital stock of said corporation was increased from eighty shares of the par value of $100 each, to one hundred and sixty shares, of the par value of $100 each; thus making the aggregate capital stock $16,000. That the appellant Sparks is the owner of thirteen and one-half shares, and appellant Kelly is the owner of eight shares, of said capital stock; and that said shares have been fully paid up to the par value of $100 each. That thereafter the proper steps were taken by the board of directors of said corporation to continue its existence under the provisions of title 4 of the Civil Code of Idaho. (Idaho Rev. Stats. 1887, p. 312.) That neither of the plaintiffs assented to the said action of said board. That thereafter the said board levied an assessment of eight dollars per share upon the capital stock of said corporation. That plaintiffs refused to pay said assessment on their said shares; and the respondent, by its proper officers, proceeded to collect the same by advertising plaintiffs' said shares for sale, as provided by title 4 of the Civil Code of Idaho. The complaint alleges that the attempted change of the defendant corporation by the directors, to continue its existence, under the provisions of said title 4 of the Civil Code, was for the purpose of compelling the plaintiffs to pay the said assessments on their said fully paid-up shares.

In their specification of errors, the appellants assign two errors. We will first consider the second error assigned, which is that the court made no findings of fact upon many of the material issues made by the pleadings. We have carefully considered the issues made by the pleadings, and also the findings of fact, and are of the opinion that the court found on all of the material issues made by the pleadings.

The first specification of error is as follows: "That the defendant corporation cannot compel plaintiffs to pay any assessments to the corporation upon their shares that have been fully paid up, such assessment being in violation of the obligation of the contract entered into between the plaintiffs and the corporation and the plaintiffs and other shareholders." In the argu-

ment of this specification the counsel for appellants contended that under the act first above referred to (Idaho Rev. Laws 1874-75, p. 618) the board of directors had no authority to levy an assessment upon the fully paid-up shares of the capital stock of said corporation. That the action of the board of directors for the purpose of continuing the existence of said corporation, under the provisions of title 4 of the Civil Code of Idaho, was illegal, for the reason that the provisions of said title permits assessments to be made by the board of directors upon fully paid-up shares of the capital stock of said corporation, and thus changes the contract between the corporation and its stockholders, and for that reason is in conflict with the provisions of the constitution of the United States. That it changes the obligation of the contract between the corporation and shareholders, by increasing the liability of the shareholders without their consent. It is conceded that a law subjecting the shareholders to a liability to contribute more capital than they originally agreed to contribute would be unconstitutional. (2 Morawetz on Private Corporations, sec. 1078.) The question for our determination, then, is, Do the provisions of title 4 of the Civil Code of Idaho, under which said corporation continues its existence, subject the shareholders to greater or additional liabilities than the act of January 12, 1875? There is no claim that there is any change except to increase the liability of the shareholder. What, then, are the liabilities of the shareholders under each of said acts? The seventh section of the act approved January 12, 1875, provides as follows: "A majority of the whole number of trustees shall form a board for the transaction of business, and every decision of a majority of the persons duly assembled as a board shall be valid as a corporate act." Section 16 of said act provides as follows: "Each shareholder shall be individually and personally liable for his proportion of all the debts and liabilities of the company contracted or incurred during the time that he was a stockholder, for the recovery of which joint or several actions may be instituted." Section 2595 of title 4 of the Civil Code of Idaho contains, among others, substantially the same provisions as section 7 of the act approved January 12, 1875. Section 10 prescribes the duties and powers of the trustees to levy assessments for the

purpose of calling in the capital stock subscribed. Section 2614 of said title 4 is as follows: "The directors of any corporation formed or existing under the laws of this state, after one-fourth of its capital stock has been subscribed, may, for the purpose of paying expenses, conducting business, or paying debts, levy and collect assessments upon the subscribed capital stock thereof in the manner and form, and to the extent, herein provided." Section 2615 is as follows: "No one assessment must exceed ten per cent of the amount of the capital stock named in the articles of incorporation, except in the cases in this section otherwise provided, as follows: 1. If the whole capital of a corporation has not been paid up, and the corporation is unable to meet its liabilities, or to satisfy the claims of its creditors, the assessment may be for the full amount unpaid upon the capital stock; or if a less amount is sufficient, then it may be for such a percentage as will raise that amount. 2. The directors of railroad corporations may assess the capital stock in installments of not more than ten per centum per month, unless in the articles of incorporation it is otherwise provided. 3. The directors of fire insurance corporations may assess such a percentage of the capital stock as they deem proper." Section 2616 is as follows: "No assessment must be levied while any portion of a previous one remains unpaid, unless: 1. The power of the corporation has been exercised in accordance with the provisions of this title for the purpose of collecting such previous assessment; 2. The collection of the previous assessment has been enjoined; or 3. The assessment falls within the provisions of one of the subdivisions of the last preceding section." Section 2609 provides that each stockholder is individually and personally liable for such portions of its debts and liabilities as the amount of shares owned by him bears to the whole of the subscribed capital stock of the corporation. It will be observed from the sections above cited that the liability of the shareholder is substantially the same under each act. Under the act of 1875 the board of trustees were not, in terms, authorized to levy assessments upon the capital stock except for the purpose of collecting or calling in the amount subscribed, but the stockholder was liable for his proportion of all debts contracted during the time he was a

stockholder, regardless of whether the shares owned by him had been paid in full or not.    Section 16 of said act permits an action to be brought for the collection of such debt, while the act of 1887 authorizes the board of directors to levy assessments on the capital stock for the purpose of paying its liabilities, even after the par value of the stock has been paid in full by the shareholder.    In *Santa Cruz R. Co. v. Spreckels,* 65 Cal. 193, 3 Pac. 661, 802, the supreme court of California has construed sections like our own.    The statute of 1887 provides two methods of collecting the necessary funds for the payment of the corporate liabilities, and conducting its business.    The liability of the shareholder, under law of 1887, is not increased; only the method of procedure to collect the amounts due from each shareholder enlarged.    Debts and expenses of the corporation may be collected either by assessment or by suit.    The court below found that the expense or liability created which said assessment was made to pay or liquidate was necessary to make the corporation ditch useful to the shareholders, and that the work so done did not materially change the original plan or design of said ditch, but was done to put it in a condition to carry the amount of water needed for the stockholders, as was originally intended, and to avoid the yearly cleaning out of said ditch.    The record shows that all of the shareholders except appellants have paid said assessment.    It will be observed that said assessment was made for the preservation and improvement of the corporate property, and was a liability which the directors were authorized to incur.    The liability complained of could have been legally created under the law of 1875, and the appellants would have been individually and personally liable for their proportion thereof, and for the recovery a joint or several action might have been instituted.    The liability of the stockholder is no greater under the law of 1887 than under the law of 1875; only the method of enforcing payment enlarged, by permitting the directors of the corporation to collect from each shareholder his proportional part of the liability. The authorities cited by appellants are not in conflict with the. views expressed herein.    The judgment of the court below is affirmed, with costs in favor of respondent.

Morgan, J., concurs.

Huston, J., did not sit at the hearing of this case, and took no part in its decision.